UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNIFER P.,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. C20-6190-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her application for Supplemental Security Income and/or Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record ("AR"), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1966, has a high school diploma, and has worked as a casino cashier and greeter, cashier manager, sales associate, and cashier. AR 346, 374. Plaintiff was last gainfully employed in May 2018. AR 374.

In August 2018, Plaintiff applied for benefits, alleging disability as of May 15, 2018. AR 297-304. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

requested a hearing. AR 211-14, 221-26, 229-31. After the ALJ conducted a hearing in March 2020 (AR 102-44), the ALJ issued a decision finding Plaintiff not disabled. AR 57-69.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

**Step two**: Plaintiff has the following severe impairments: degenerative disease of the lumbar spine, left rotator cuff tendinosis and AC arthrosis, degenerative joint disease of the hips, obstructive sleep apnea, and a substance use disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform light work with additional limitations: she can stand and walk for four hours and can sit for six hours. She can occasionally climb ramps and stairs and can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. She can occasionally reach at and above shoulder height and can frequently reach in all other directions. She should not have concentrated exposure to extreme temperatures, vibration, and hazards.

**Step four**: Plaintiff can perform past relevant work as a cashier.

**Step five**: In the alternative, as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 57-69.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 5.

//

//

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, App. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in assessing the State agency opinions, as well as in characterizing her prior work. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Erred in Failing to Fully Account for the State Agency Opinions

The State agency medical consultants opined that Plaintiff was limited to "occasional forward and overhead reach of the left shoulder." AR 158, 173, 190, 206. The ALJ found this portion of their opinions persuasive (AR 65), yet only limited Plaintiff to occasional reaching at and above shoulder height and found that she could frequently reach in all other directions (AR 62). Plaintiff argues that the ALJ's RFC assessment fails to fully account for the State agency opinions, without justification.

The Court agrees. The RFC assessment is not as limiting as the State agency opinions, and the ALJ did not explain why or how the ALJ believed the State agency opinions were consistent with a limitation to frequent reaching in non-overhead directions, when the consultants explicitly opined that Plaintiff was limited to occasional reaching at shoulder height or above *or* forward reaching with the left shoulder. Although the Commissioner contends that the ALJ's translation was reasonable because the consultants referenced reaching *with the shoulder* (Dkt. 27 at 2-3), the Commissioner cites no evidence indicating that the shoulder is implicated only in reaching at or above shoulder height, and the Court is not aware of such evidence. The Court finds that the ALJ's RFC assessment is inconsistent with the plain language of the State agency opinions referencing forward reaching. *See, e.g.*, *King v. Colvin*, 2015 WL 1870755, at *18 (N.D. Cal. Apr. 23, 2015) (finding that a medical opinion that plaintiff was limited to occasional reaching with the right shoulder was inconsistent with an RFC assessment limiting plaintiff to occasional overhead reaching).

Because the ALJ provided no reason to find unpersuasive the forward reaching limitations in the State agency opinions, the ALJ erred in failing to fully account for the State agency opinions in the RFC assessment. *See* Social Security Ruling 96-8p, 1996 WL 374184, at

ORDER REVERSING THE COMMISSIONER'S
DECISION - 4

*7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  This error is harmful because all of the step-five jobs identified require either frequent or constant reaching, which could exceed the limitation to occasional forward reaching on the left indicated by the State agency consultants.  *See* Dictionary of Occupational Titles ("DOT") 293.357-014, *available at* 1991 WL 672578; DOT 915.473-010, *available at* 1991 WL 687865; DOT 219.587-010, *available at* 1991 WL 671989.  The job relied upon at step four also requires frequent reaching as generally performed.  *See* DOT 211.462-022, 1991 WL 671843.  On remand, the ALJ should reconsider the State agency opinions as to Plaintiff's reaching ability, and reconsider the findings at steps four[3] and five as needed.

//

//

//

//

//

//

//

//

---

[3] Plaintiff acknowledges that her step-four challenge does not identify a harmful error. *See* Dkt. 31 at 6. If necessary, Plaintiff may argue to the ALJ on remand that her past work as a gambling cashier constituted a composite job, but because the ALJ's reconsideration of the State agency opinions may require reformulation of the RFC assessment, the ALJ may also need to reformulate the findings at steps four and five and could moot Plaintiff's concern regarding the composite job. Under these circumstances, the Court declines to address any arguments regarding the ALJ's step-four findings as currently formulated. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) ("[I]f it is not necessary to decide more, it is necessary not to decide more").

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the State agency opinions regarding Plaintiff's reaching ability, and reconsider the RFC assessment and the findings at steps four and five as necessary.

Dated this 5th day of October, 2021.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge